UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
DOUG HARPHAM,

                        Plaintiff,

      -against-

NRA GROUP, LLC D/B/A NATIONAL RECOVERY AGENCY,

                      Defendant.
-----------------------------------------------------------------X

COMPLAINT

10 CV _____ ( )

PLAINTIFF DEMANDS A TRIAL BY JURY

ECF CASE

Plaintiff Douglas Harpham ("Plaintiff" or "Harpham") by his attorneys, Lipman & Plesur, LLP, complains of Defendant NRA Group, LLC d/b/a National Recovery Agency ("Defendant" or "NRA") as follows:

## PRELIMINARY STATEMENT

1. Plaintiff Harpham complains that Defendant failed to pay him commissions in violation of the New York Labor Law. Plaintiff further complains that Defendant was unjustly enriched by keeping such commissions.

## JURISDICTION AND VENUE

2. Plaintiff Harpham invokes the jurisdiction of this Court pursuant to 28 U.S.C. § 1332.

3. The matter in controversy exceeds $150,000.

4. The venue of this action is proper because a substantial part of the events giving rise to the claim occurred in New York; Plaintiff was employed in New York and many of the clients retained by Plaintiff on behalf of Defendant are headquartered in New York.

## PARTIES

5. Upon information and belief, Defendant NRA is a foreign company that does business in New York and which is subject to the laws of New York State. NRA is headquartered in Pennsylvania.

6. NRA provides collection services for businesses that are owed money.

7. Plaintiff Harpham is an adult individual residing in Suffolk County, New York. Plaintiff Harpham was employed by Defendant NRA to work in Suffolk County as Manager of Business Development from on or about March 3, 2008 to on or about September 8, 2009.

## FACTS

8. On or about February 21, 2008 Plaintiff Harpham and Defendant NRA entered into an agreement which set forth the commissions Harpham would earn along with his base pay.

9. Harpham was promised 5% of the fees earned by Defendant for clients contracted directly through him.

10. Defendant was desirous of using Harpham's long-standing industry contacts to bring new clients to Defendant.

11. Harpham understood that once he obtained the contracts from such new clients, he would earn commissions so long as Defendant earned a fee, even after his employment terminated.

12. Harpham was successful in bringing many new clients to Defendant, which resulted in several multi-year contracts for Defendant to provide collection services.

13. Upon information and belief, NRA terminated Harpham's employment on

2

or about September 9, 2009 and failed to pay Harpham his commissions after his employment termination.

14. Upon information and belief, NRA's Agreement violated New York Labor Law ("NYLL") § 191(1)(c) because it did not address the issues of commission payments after employment termination.

## AS AND FOR A FIRST CAUSE OF ACTION

15. Plaintiff repeats and realleges each and every allegation made in paragraphs 1 through 14 of this Complaint.

16. Defendant violated Section 191(1)(c) of the New York Labor Law by not having a written commission agreement with Harpham which, *inter alia*, provided details about the payment of commissions after Harpham's employment termination.

17. The parties' oral agreement regarding commissions provided that Harpham would continue to receive commissions after his employment termination.

18. Upon information and belief, such commissions that were earned by Harpham but never paid by Defendant exceed $150,000.00.

19. Defendant violated the New York Labor Law by failing to pay Harpham his commissions.

20. Defendant's violation of the New York Labor Law was willful.

21. Plaintiff has been damaged in an amount to be determined at trial.

## AS AND FOR A SECOND CAUSE OF ACTION

22. Plaintiff repeats and realleges each and every allegation made in paragraphs 1 through 21 of this Complaint.

23. As a result of the foregoing, Defendant has been unjustly enriched.

Plaintiff has been damaged in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter a judgment:

A. Directing payment by Defendant to Plaintiff for his commissions.

B. Directing payment by Defendant to Plaintiff for liquidated damages under the NYLL.

C. Directing payment by Defendant to Plaintiff for the amount that Defendant was unjustly enriched.

D. Directing payment by Defendant to Plaintiff for interest on the amounts owed to Plaintiff.

E. Awarding Plaintiff the costs of this action together with reasonable attorneys' fees.

F. Granting such other and further relief as this Court deems just and equitable.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the complaint.

Dated:  Jericho, New York
        June 21, 2010

                                              Respectfully submitted,

                                              By: _____
                                              Robert D. Lipman
                                              lipman@lipmanplesur.com
                                              David A. Robins
                                              robins@lipmanplesur.com
                                              Lipman & Plesur, LLP
                                              500 North Broadway, Suite 105
                                              Jericho, NY  11753-2131
                                              Telephone:  (516) 931-0050
                                              Facsimile:   (516) 931-0030