UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
DOUGLAS HARPHAM,

      Plaintiff,    MEMORANDUM AND ORDER
               10-CV-02868(JS)(AKT)
 -against-

NRA GROUP LLC,
d/b/a NATIONAL RECOVERY AGENCY,


      Defendant.
----------------------------------------X
APPEARANCES:

For Plaintiff:  Robert D. Lipman, Esq.
       Lipman & Plesur, LLP
       500 North Broadway, Suite 105
       Jericho, NY 11753-2131

For Defendant:  Andrew T. Miltenberg, Esq.
       Nesenoff & Miltenberg, LLP
       363 Seventh Avenue, 5th Floor
       New York, NY 10001

SEYBERT, District Judge:

   Pending before the Court is Defendant's motion to transfer venue. For the following reasons, that motion is DENIED.

## DISCUSSION

I. Defendant's § 1391 Arguments

   Defendant first argues that the Court must transfer venue to the Middle District of Pennsylvania because this District is an improper venue under § 1391. The Court disagrees.

   Under 28 U.S.C. § 1391(a)(2), venue is proper in any

1

"judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." Here, among other things, Plaintiff: (i) was offered employment while in this District; (ii) worked for Defendant primarily in this District; (iii) permitted Defendant to identify his home in this District as Defendant's regional office; (iv) worked primarily with New York clients; and (v) was paid through direct deposit to a New York bank. Compl. ¶ 4; Harpham Aff. ¶¶ 1, 4, 5, 8, 9, 16.

Defendant contends that, notwithstanding these facts, Plaintiff's case centers on Defendant's decision not to pay Plaintiff commissions, and argues that this decision occurred only in the Middle District of Pennsylvania. But, even if that's so, Defendant does not dispute that it withheld commissions that it otherwise would have sent to a New York bank account. Consequently, "a portion of the alleged breaching conduct . . . occurred in New York." See Sea Tow Services Intern., Inc. v. Pontin, 472 F. Supp. 2d 349, 364 (E.D.N.Y. 2007); see also Concesionaria DHM, S.A. v. International Finance Corp., 307 F. Supp. 2d 553, 559 (S.D.N.Y. 2004).

## II. Defendant's § 1404(a) Arguments

Next, Defendant argues that, even if the Court finds that venue is proper here under § 1391, it should still transfer venue under 28 U.S.C. § 1404(a). The Court disagrees, for the reasons below.

A.   Standard of Review

28 U.S.C. § 1404(a) states that "for the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." Section 1404(a) strives "to prevent waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." Van Dusen v. Barrack, 376 U.S. 612, 616, 84 S. Ct. 805, 11 L. Ed. 2d 945 (1964) (internal quotations and citations omitted).

In considering whether to transfer venue under 28 U.S.C. § 1404(a), the Court engages in a two-step inquiry. See Frasca v. Yaw, 787 F. Supp. 327, 330 (E.D.N.Y. 1992). First, the court asks whether the action "might have been brought" in the requested transferee court. Frasca, 787 F. Supp. at 330. "If the proposed venue is proper, the court then considers whether the transfer will serve the convenience of witnesses and parties and is in the interests of justice." Kroll v. Lieberman, 244 F. Supp. 2d 100, 102 (E.D.N.Y. 2003). When analyzing the second step, the Court examines several factors, including: (1) convenience of the parties; (2) convenience of witnesses; (3) relative means of the parties; (4) locus of operative facts and relative ease of access to sources of proof; (5) attendance of witnesses; (6) the weight accorded the plaintiff's choice of forum; (7) calendar congestion; (8) the desirability of

3

having the case tried by the forum familiar with the substantive law to be applied; (9) practical difficulties; and (10) trial efficiency and how best to serve the interests of justice, based on the totality of material circumstances.  See Neil Bros. Ltd. v. World Wide Lines, Inc., 425 F. Supp. 2d 325, 327-28 (E.D.N.Y. 2006).  None of these factors are dispositive; rather, the Court weighs them all in making its determination.  Citigroup Inc. v. City Holding Co., 97 F. Supp. 2d 549, 561 (S.D.N.Y. 2000); see also Frasca, 787 F. Supp. at 330.  In so weighing, the Court has broad discretion to determine whether transfer is warranted.  See Neil Bros., 425 F. Supp. 2d at 328.

 B. Application of § 1404(a)

  Plaintiff does not dispute that he could have originally commenced this action there.  Thus, the first prong of the venue transferring inquiry is satisfied.  See Frasca, 787 F. Supp. at 330.

  Plaintiff does, however, contest Defendant's argument that transfer is appropriate to "serve the convenience of witnesses and parties and is in the interests of justice."  Kroll, 244 F. Supp. 2d at 102.  And the Court agrees with Plaintiff that transfer is improper.

  In this regard, the Court notes that Defendant seeks transfer primarily on the grounds that, in its view, most of the witnesses are located in Pennsylvania.  But these witnesses are all, by Defendant's own admission, Defendant's "current and former

4

officers and employees." Def. Br. at 7. Conversely, Plaintiff's witnesses, such as Scott Buckley, Stephen Alexander, and Lauren Miller, are non-party clients who are located in New York. Harpham Aff. ¶ 13. Accordingly, the Court finds that the convenience of the witnesses factor strongly favors Plaintiff, because "[t]he convenience of non-party witnesses is accorded more weight than that of party witnesses" or that of a party's "former employees." Pilevesky v. Suntrust Bank, 10-CV-2290, 2010 WL 4879006, at *3, 2010 U.S. Dist. LEXIS 124308, at *8-9 (E.D.N.Y. Nov. 22, 2010) (current employees qualify as party witnesses, while former employees' convenience is entitled to less deference because they are more likely to "willingly attend" than typical non-party witnesses).

Defendant also argues that most of the documentary evidence is located in Pennsylvania. But, "[i]n today's era of photocopying, fax machines and Federal Express, the location of documents is insignificant, if not totally irrelevant. Accordingly, the Court affords no weight to where documents may be located." Id., 2010 WL 4879006, at *4, 2010 U.S. Dist. LEXIS 124308, at *11-12 (internal quotations and citations omitted).

Finally, Defendant contends that "Plaintiff could expect his claims to be heard in the Middle District of Pennsylvania," because that's where Defendant is located. Def. Br. at 8. But this argument is without merit. It could just as easily be argued that

5

Defendant should have expected Plaintiff to file suit in this District, because Plaintiff lives here, and Defendant elected to identify Plaintiff's home address as its "Regional Office." Harpham Aff. ¶¶ 1, 8. If Defendant had wanted to force Plaintiff to litigate in the Middle District of Pennsylvania, it could have negotiated an exclusive forum selection clause into Plaintiff's employment contract. Because Defendant failed to do so, the Court will not conjure up such a clause now.

In contrast to Defendant's arguments, Plaintiff presents strong reasons to keep this case venued here. First, as discussed above, this District favors the convenience of non-party witnesses. Second, Plaintiff chose this District because he resides here, and "the greatest deference is afforded a plaintiff's choice of its home forum." Norex Petroleum Ltd. v. Access Industries, Inc., 416 F.3d 146, 154 (2d Cir.2005). Third, Plaintiff worked in New York and asserts New York Labor Law claims, which this Court handles more frequently than the Middle District of Pennsylvania does. Finally, the relative means of the parties favors Plaintiff, because Plaintiff is an individual, while Defendant is a limited liability company with two members and (apparently) several employees. See Lauer v. Saybolt, LP, 09-CV-3442, 2010 WL 1992008, at *4 (E.D.N.Y. May 17, 2010) (limited partnership, and not individual, was "clearly the party with greater economic means"); see also Chong v. Healthtronics,

6

Inc., 06-CV-1287, 2007 WL 1836831, at *13 (E.D.N.Y. 2007). In this regard, the Court notes that Defendant has aptly litigated in this District before, including defending against class action litigation. See 09-CV-1217, 10-CV-0796.

## CONCLUSION

Defendant's motion to transfer venue is DENIED.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated:   February   14  , 2011
         Central Islip, New York